**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-5053**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAKUSHAMARI GOZO, a/k/a Edward M. Gozo,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge. (CR-02-390-CCB)

Submitted:  June 12, 2006            Decided:  June 27, 2006

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Makushamari Gozo pled guilty to six counts of bank fraud, two counts of mail fraud, and one count of wire fraud. He was sentenced to concurrent terms of fifty-seven months' imprisonment on each count. Gozo appeals his sentence, and his attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that Gozo was sentenced in violation of United States v. Booker, 543 U.S. 220 (2005). In his pro se supplemental brief, Gozo disputes the calculation of his sentence, claiming that the district court erred in imposing certain enhancements. Because Gozo's plea agreement contained a waiver of his right to appeal his sentence within the guidelines, we dismiss the appeal and deny Gozo's motion to remand.

A defendant may waive his right to appeal his sentence as part of a plea agreement. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). The waiver must be knowing and voluntary. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000); United States v. Wessells, 936 F.2d 165, 168 (4th Cir. 1991). This court reviews de novo the validity of a waiver. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). In his plea agreement, Gozo waived his right to appeal his sentence and "any issues that relate to the establishment of the guidelines range, reserving only the right to appeal from an upward or downward departure from the guidelines range that is established at sentencing."

- 2 -

Upon our review of the Fed. R. Crim. P. 11 colloquy, we conclude that Gozo understood the terms of his plea agreement and entered into it voluntarily. See Brown, 232 F.3d at 403. In addition, Gozo's challenge to his sentence under Booker is barred by the appeal waiver. See United States v. Johnson, 410 F.3d 137, 151-53 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); United States v. Blick, 408 F.3d 162, 171-73 (4th Cir. 2005).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We thus dismiss the appeal, and deny Gozo's motion to remand and his motions to strike counsel's Anders brief. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

- 3 -